UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENARD WHEELER, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**XAVIER BECERRA**,<br><br>Defendant. | Case No. 20-cv-01287 (CRC) |

## OPINION AND ORDER

Kenard Wheeler, Jr., proceeding *pro se*, is a thirty year-old man employed as a GS-11 Financial Management Analyst at the U.S. Department of Health and Human Services ("HHS" or the "Department").[1] Wheeler brought suit alleging failure to promote, retaliation, gender discrimination, and harassment, in violation of Title VII. HHS has moved to dismiss Wheeler's retaliation claim because he failed to administratively exhaust the claim prior to bringing this suit. The Court agrees and will grant HHS's partial motion to dismiss.

### I.    Background

According to his complaint, which the Court must accept as true for purposes of this motion, Wheeler is employed as a Financial Management Analyst at HHS. Compl. ECF No. 2 at 10. Natalie Gravette, a Supervisory Financial Analyst, is Wheeler's direct supervisor, and Adrienne Little, Branch Chief, is his second-line supervisor. Id. Starting in 2017, Wheeler alleges that Gravette and Little verbally harassed him and used him as a file clerk despite his Financial Management Analyst title due to his gender. Id. at 33–35. The harassment culminated

---

[1] The original defendant in the Complaint was Alex M. Azar, II, who was then serving as the HHS Secretary. Xavier Becerra, the current Secretary, is automatically substituted for former Secretary Azar pursuant to Federal Rule of Civil Procedure 25(d).

in Gravette serving Wheeler with a reprimand letter and in Wheeler being denied a "Career Ladder Promotion" to GS 12.  Id. at 34–35.  In 2017, Wheeler complained of this alleged treatment and, in 2018, asked for an explanation as to why he was being sent to extra training classes on interpersonal skills and receiving notices of poor performance.  Id. at 35.  Following these complaints, Wheeler alleges that the Agency prevented him from receiving other job offers.  Id.

On December 19, 2018, Wheeler contacted the HHS Equal Employment Opportunity Office ("EEO office" or "the office") regarding his allegations of discrimination, and on February 12, 2019, he filed a formal complaint.  Id. at 10.  The EEO office issued a letter of acknowledgement on February 13, 2019, and a letter of acceptance identifying the claims under investigation on February 26, 2019.  Id. at 10; Mot. to Dismiss Ex. A.  As described in the letter of acceptance, the claims accepted by the HHS EEO office for investigation were:

> Whether [Wheeler] was subjected to harassment (non-sexual) and discriminated against on the basis of sex (male) when the following occurred:
>
> 1. On December 7, 2018, [Wheeler] was issued a Performance Deficiency Notice.
>
> 2. On December 7, 2018, [Wheeler] was issued a memorandum indicating that he would not be receiving his Career Ladder Promotion for the GS-12 level.
>
> 3. Whether [Wheeler] was subjected to harassment (non-sexual) when the following occurred:
>
>    a. On September 5, 2018, [Wheeler] was directed to take training courses that were not related to his Financial Management Analyst (GS-560-11) position; and issued a Performance Deficiency Notice; and
>
>    b. On November 6, 2018, Management made derogatory comments toward [Wheeler] in a meeting.

Def.'s Mot. to Dismiss Ex. A at 4-5.

The letter went on to state that "[i]f you believe the claims are not correctly identified, please notify this office."  Def.'s Mot. to Dismiss Ex. C-2 at 2.  It warned that a failure to do so would lead the office to "conclude you agree that the claims have has been properly identified above."  Id.  Wheeler did not request that a retaliation claim be included despite the omission of any such claim from the list of accepted claims.  See Compl., ECF No. 2 at 9-10.  On July 12, 2019, the HHS EEO office issued its report of investigation and Wheeler elected to receive a "Final Agency Decision," rather than a hearing.  Id.   The EEO office issued its Final Agency Decision on September 9, 2019.  Id. at 27.

Wheeler subsequently filed this action on October 21, 2019 in Circuit Court for Anne Arundel County, Maryland.  See Pl.'s Compl.  Wheeler's complaint advanced three claims: failure to promote, harassment, and retaliation in violation of Title VII.  On January 7, 2020, HHS removed the case to the U.S. District Court for the District of Maryland, ECF Doc. No. 6, and on May 15, 2020, that district case transferred the case to this Court, ECF Doc. No. 14.  HHS then filed a partial motion to dismiss Wheeler's retaliation claim on the grounds that he failed to raise it before the agency's EEO office and thus did not satisfy Title VII's administrative exhaustion requirement.  See Def.'s Mot. to Dismiss.  For the reasons explained below, the Court agrees and will dismiss Wheeler's retaliation claim.[2]

---

[2] HHS has also moved, in the alternative, to dismiss the claim for failure to adequately plead the elements of a retaliation claim.  The Court need not reach that issue as lack of exhaustion supplies a separate and sufficient ground to dismiss the claim.

3

**II.     Legal Standards**

A.  Motion to Dismiss under Rule 12(b)(6)

A motion to dismiss for failure to exhaust administrative remedies is properly addressed under Federal Rule of Civil Procedure 12(b)(6).  See Marcelus v. Corrections Corp. of American/Correctional Treatment Facility, 540 F. Supp. 2d 231, 234–35 (D.D.C. 2008).  For a complaint to survive a 12(b)(6) motion, the plaintiff must plead "facts to state a claim of relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is "facial[ly] plausib[le] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A court must "treat the complaint's factual allegations as true and must grant plaintiff the benefit of all reasonable inferences from the facts alleged."  Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006).

Though resolution of a Rule 12(b)(6) motion must occur only on the pleadings, a court may consider "documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss."  Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted).  Because Wheeler's' complaint attaches the relevant EEO documents, Compl. ECF No. 2 at 9-30, and because he does not object to the authenticity of the EEO documents included by the agency, the Court will consider the associated documents in ruling on HHS's Rule 12(b)(6) motion without converting it into a motion for summary judgment under Rule 56.  See Vasser v. McDonald, 228 F. Supp. 3d 1, 11 (D.D.C. 2016) (taking judicial notice of administrative complaint materials in ruling on a Rule 12(b)(6) motion to dismiss).

B.  Exhaustion of Administrative Remedies

Prior to filing a civil action under Title VII in federal court, a federal employee must exhaust all administrative remedies before the employing agency.  See 42 U.S.C. § 2000e-16(c); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002).  While "[a] document filed *pro se* is 'to be liberally construed,'" *pro se* plaintiffs must still comply with Title VII's exhaustion requirement.  Oviedo v. Washington Metro. Area Transit Auth., 948 F.3d 386, 392094 (D.C. Cir. 2020) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  To do so, the plaintiff must provide an agency "'sufficient information' to put the agency on notice of the claim and to 'enable the agency to investigate' it."  Crawford v. Duke, 867 F.3d 103, 109 (D.C. Cir. 2017) (citation omitted).  "A plaintiff fails to exhaust administrative remedies when the complaint [he] files in federal court includes a claim that was not raised in the administrative complaint."  Mogenhan v. Shinseki, 630 F. Supp. 2d 56, 60 (D.D.C. 2009).  This exhaustion requirement is not a "mere technicality," but "serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision."  Latson v. Holder, 82 F. Supp. 3d 377, 384 (D.D.C. 2015) (quoting Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995)).  Generally, a plaintiff has exhausted his administrative remedies under Title VII once the agency has taken a "final action" on his administrative charge.  See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a); Bowe-Connor v. Shinseki, 923 F. Supp. 2d 1, 5 (D.D.C. 2013).

Although exhaustion "should not be construed to place a heavy, technical burden" on plaintiffs, a failure to exhaust administrative remedies "will ordinarily bar a judicial remedy."  Demissie v. Starbucks Corp. Off. & Headquarters, 19 F. Supp. 3d 321, 324 (D.D.C. 2014) (cleaned up); see also Brown v. Marsh, 777 F.2d 8, 14–15 (D.C. Cir. 1985) (noting that the

purpose of the exhaustion doctrine is to give the agency "notice of a claim and opportunity to handle it internally" while nonetheless ensuring that remedies for employment discrimination are "accessible to individuals untrained in negotiating procedural labyrinths.").

It is the defendant's burden to plead and prove that the plaintiff has not exhausted their administrative remedies. Brown v. District of Columbia, 251 F. Supp. 2d 152, 161 (D.D.C. 2003). If the defendant meets this burden, then, to avoid dismissal, "the plaintiff must plead and prove facts supporting equitable avoidance of the defense." Proctor v. District of Columbia, 74 F. Supp. 3d 436, 455 (D.D.C. 2014) (citing Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Terveer v. Billington, 34 F. Supp. 3d 100, 114 (D.D.C. 2014) (cleaned up)).

### III. Analysis

#### A. Wheeler's Original EEO Complaint

Wheeler does not contest that he did not raise retaliation in his initial complaint to HHS's EEO office or in response to its invitation to amend the claims under investigation. Instead, he argues that he exhausted his retaliation claims by referencing retaliation in a statement he submitted at some point during the course of the investigation. See Pl.'s Response, Ex. 3 at 1. ("I believe [management] used their authority to retaliate against me and issue a Performance Deficiency Notice with false allegations on December 7, 2018"). This statement came at the very end of a long paragraph describing the issuance of a negative performance review. Id. Apart from this sentence, Wheeler does not allege any other instance in which he mentioned retaliation during the course of the administrative proceedings below. This lone reference cannot suffice for exhaustion purposes.

In Park v. Howard University, the D.C. Circuit found that the plaintiff had failed to satisfy the exhaustion requirement where the plaintiff's original administrative charge "did not

express or even hint at a national origin hostile work environment claim" even though it alleged that a particular denial of a promotion was due to discrimination based on "national origin." 71 F.3d at 907–08. The court noted that "[t]he goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge with the EEOC would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship." Id. at 908 (quoting Rush v. McDonald's Corp., 965 F.2d 1104, 1110 (7th Cir. 1992)). Due to the plaintiff's failure to even reference "hostile work environment" in the administrative charge, the court held that the plaintiff had failed to exhaust her administrative remedies as required under Title VII. Id. at 908–09.

The same is true here. Wheeler does not allege that he mentioned the retaliation claim in his original EEO complaint (or, as discussed below, in response to the invitation to amend). The fact that one sentence submitted in the course of the agency's investigation mentioned retaliation is not sufficient for exhaustion purposes. A plaintiff who totally "fails to allege a particular type of discrimination (e.g., race) *or claim (e.g., retaliation)* [in the original or amended administrative complaint], and later brings that type of claim in federal court . . . surely fail[s] on exhaustion grounds." Sellers v. Nielsen, 376 F. Supp. 3d 84, 96 (D.D.C. 2019) (emphasis added). Wheeler did not raise retaliation in either the original complaint or through seeking to amend the claims under investigation. He gave retaliation only a cursory reference in one document submitted in the course of the investigation. He has thus failed to satisfy Title VII's exhaustion requirement.

    B.  Failure to Object

Even if Wheeler had raised the retaliation claim in his initial administrative complaint, his failure to subsequently object to the agency's omission of retaliation in its notification of the

charges under investigation constitutes a failure to exhaust his administrative remedies under Title VII. The D.C. Circuit has held that similar situations did not satisfy the exhaustion requirement. See Hamilton v. Geithner, 666 F.3d 1344, 1350 (D.C. Cir. 2012). In Hamilton, the plaintiff failed to include a claim in his original EEO compliant and did not object to a notification from an agency's EEO office which omitted the claim in question. Id. The notification letter advised the plaintiff that "'[i]f you disagree with the claim, please notify [the EEO officer] in writing within 15 days of the date of the letter . . . If no response is received, [the office] will assume that you agree with the claim(s) and will proceed with the investigation of the complaint.'" Id. The plaintiff "neither responded to this letter nor 'amend[ed] [his] complaint at any time prior to the conclusion of the investigation,'" to include the omitted claim. Id. (quoting 29 C.F.R. § 1614.106(d)). As a result, and because the only other notification of the omitted claim occurred in a counseling session before the plaintiff filed his administrative charge, the Circuit concluded that the plaintiff had failed to exhaust his remedies prior to filing suit.[3] Id. Relying on Hamilton, the Circuit similarly held, in an unpublished summary affirmance, that even a plaintiff who had included the claim at issue in the original administrative complaint could not satisfy the exhaustion requirement with respect to his retaliation claim where he failed to respond or correct the agency's notice omitting the retaliation claim. See McKeithan v. Vance-Cooks, 498 F. App'x 47, 48 (D.C. Cir. 2013); see also McKeithan v. Boarman, 803 F.

---

[3] Some courts in this district appear to have held that, where the agency's failure to include the claim in its notice of investigation was unreasonable, that claim may be exhausted notwithstanding the plaintiff's failure to object to the notice or request reinstatement of the omitted claim. See, e.g., Dick v. Holder, 80 F. Supp. 3d 103, 114-15 (D.D.C. 2015). However, these decisions do not discuss the relevance of the Circuit's decision in Hamilton and as such do not shed much light on the proper approach here. See, e.g., id. Moreover, there was nothing unreasonable about the agency's omission of the retaliation claim here given that Wheeler's original complaint apparently did not mention retaliation.

Supp. 2d 63, 68 (D.D.C. 2011), aff'd in part, No. 11-5247, 2012 WL 1450565 (D.C. Cir. Apr. 12, 2012), and aff'd sub nom. McKeithan v. Vance-Cooks, 498 F. App'x 47 (D.C. Cir. 2013) (describing the procedural history of the claim).

The same result obtains here. Wheeler had the opportunity to object to the omission of retaliation from the statement of claims under investigation. Indeed, the letter notifying him of the claims at issue and his right to object or amend mirrored the letter in Hamilton. Compare Def.'s MtD Ex. C-2 at 2 ("If you believe the claims are not correctly identified, please notify this office . . . If you fail to contact us, we will conclude you agree that the claims have has been properly identified above . . ."), with, Hamilton, 666 F.3d at 1349 ("[i]f you disagree with the claim, please notify me . . . [i]f no response is received, I will assume that you agree with the claim(s) and will proceed with the investigation of the complaint . . ."). He failed to object to this letter and gave retaliation only the most cursory, single-sentence, mention during the course of the agency's investigation. He therefore failed to exhaust his administrative remedies as required under Title VII. See Hamilton, 666 F.3d at 1349–50. The Court will thus dismiss his retaliation claim.

## IV. Conclusion

For the foregoing reasons, the Court will grant [16] Defendant's Partial Motion to Dismiss Plaintiff's Retaliation Claim.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: August 2, 2021